UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 20-2244-MJ-Torres

UNITED STATES OF AMERICA

vs.

ANDREW DEMETRIUS RILEY,

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? __Yes _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __Yes _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
Alejandra L. López
Florida Bar No. 37132
Assistant United States Attorney
Southern District of Florida
99 NE 4th Street
Miami, Florida 33132
Tel: (305) 961-9241
Email: Alejandra.Lopez@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. |
| ANDREW DEMETRIUS RILEY, | ) |
|  | ) |
|  | ) |
| *Defendant(s)* |  |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  on or about January 14, 2020 & January 21, 2020  in the county of  Miami-Dade  in the
Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with the Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm in Furtherance of a Drug Trafficking Offense |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Carlos A. Gibert, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Feb. 15, 2020

_____
*Judge's signature*

City and state: Miami, Florida          Hon. Edwin G. Torres, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Carlos A. Gibert, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, hereby depose and state as follows:

## AGENT INFORMATION AND BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation, and have been since January 2002, and am an investigative or law enforcement officer of the United States or of a state within the meaning of Title 18, United States Code, Section 2510(7). As a Special Agent, I have conducted numerous investigations involving national security matters, public corruption, and other federal violations, including violent crimes. I have received training and have experience in the identification, tracking, and apprehension of fugitives and violent criminals utilizing cellular and other types of electronic technology. I have also been involved in preparation and execution of numerous search warrants.

2. This Affidavit is submitted in support of a criminal complaint against Andrew Demetrius Riley ("RILEY"). As explained below, I respectfully submit there is probable cause to believe that, on or about January 14, 2020, in the Southern District of Florida, RILEY possessed and conspired to possess methamphetamine, a Schedule II controlled substance, with the intent to distribute, in violation of Title 21 United States Code, Sections 841(a)(1) and 846; possessed a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United State Code, Section 924(c)(1)(A); and was a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1). Furthermore, I respectfully submit there is probable cause to believe that on or about January 21, 2020, in the Southern District of Florida, RILEY possessed and conspired to possess methamphetamine, a Schedule II controlled substance, with the intent to distribute, in violation of Title 21 United States Code, Sections 841(a)(1) and 846.

1

3. The information set forth in this Affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers. This Affidavit does not represent every fact law enforcement knows about this investigation, but is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against RILEY.

## PROBABLE CAUSE

4. On or about December 15, 2019, a confidential MDPD informant ("CI 1") provided information to law enforcement that RILEY and a co-conspirator were involved in the sale of narcotics, including methamphetamine and cocaine. CI 1 is known to law enforcement and has provided consistent, reliable information in the past.

5. On or about January 14, 2020, CI 1 made contact with RILEY at (786) 526-8337 to coordinate the sale of methamphetamine by RILEY to a confidential FBI source (the "CS"), who is known to law enforcement and has provided reliable information in the past. During that conversation, RILEY agreed to sell seven (7) grams of methamphetamine for $100.00.

6. On or about January 14, 2020, the CS and CI 1 met law enforcement at a secure location. Law enforcement searched the CS, CI 1, and their vehicle and did not find contraband of any kind. The CS was then outfitted with an audio/video recording device, and provided with $100.00 in official funds ("OAF") for the purchase of methamphetamine. The CS and CI 1 then left the secure location to meet RILEY at a second location previously agreed to by all parties (the "Sale Location").

7. While the CS and CI 1 were traveling to meet RILEY, law enforcement conducted surveillance at RILEY's residence, located at 10303 SW 180th Street, (the "Riley Residence").

During the surveillance, RILEY was observed getting on a bicycle and leaving the Riley Residence. Law enforcement then followed RILEY as he traveled to the Sale Location.

8. Once RILEY arrived at the Sale Location, he made contact with the CS and CI 1. During their meeting, which was audio and video recorded, CI 1 introduced the CS to RILEY. The CS then proceeded to give RILEY the $100.00 in OAF and, in turn, RILEY gave the CS two (2) bags filled with methamphetamine. During the sale, the CS and CI 1 observed RILEY wearing a fanny pack bag, which had the handle of a firearm poking out of it. After the sale was completed, RILEY told CI 1 to give his phone number to the CS for future sales, which is the phone number associated with the cellular telephone number (786) 526-8337.

9. After RILEY left the Sale Location, law enforcement followed his bicycle as it drove from the Sale Location to the Riley Residence. The CS and CI 1 returned to the secure location, where law enforcement checked them for contraband. The only contraband found was the two (2) bags of methamphetamine, which weighed approximately seven (7) grams.

10. On or about January 21, 2020, the CS made contact with RILEY at the (786) 526-8337 to coordinate the sale of methamphetamine by RILEY. During that conversation, RILEY agreed to sell one ounce, or twenty-eight (28) grams, of methamphetamine to the CS for $300.00.

11. On or about January 21, 2020, the CS and CI 1 met law enforcement at a secure location. Law enforcement searched the CS, CI 1, and their vehicle and did not find contraband of any kind. The CS was then outfitted with an audio/video recording device, and provided with $300.00 in official funds for the purchase of methamphetamine. The CS and CI 1 then left the secure location to meet RILEY at a location previously agreed to by all parties (the "Sale Location").

12. RILEY was at the Sale Location when they CS and CI 1 arrived, and they made contact with RILEY. During their meeting, which was audio and video recorded, the CS then proceeded to give RILEY the $300.00 in OAF and, in turn, RILEY gave the CS one (1) bag filled with methamphetamine.

13. After RILEY left the Sale Location, the CS and CI 1 returned to the secure location, where law enforcement checked them for contraband. The only contraband found was the bag of methamphetamine, which weighed approximately twenty-eight (28) grams.

14. Based on the above information, on or about February 14, 2020, law enforcement obtained a search warrant for RILEY's residence, located at 10303 SW 180th Street, Miami, Florida 33157, to search for controlled substances (*see* case no. 20-MJ-2240-JB). On or about February 15, 2020, law enforcement executed the search warrant at RILEY's residence.

15. While executing the search warrant at RILEY's residence, law enforcement entered a bedroom believed to be RILEY's bedroom. Upon searching the room, law enforcement searched the closet in the bedroom, which contained a shoebox containing items consistent with RILEY's ownership of that room, including a birth certificate bearing RILEY's name; a Florida identification card bearing RILEY's name and photograph; and a Florida Department of Corrections account statement bearing RILEY's name. Inside the pocket of a jacket in the closet, officers also found a clear plastic bag containing seven (7) clear plastic baggies containing methamphetamine.

16. Upon continuing their search the bedroom for controlled substances, law enforcement observed an AR-15 magazine under the bed; a loaded magazine and 9mm caliber handgun on the floor amongst clothes across the bedroom from the bed; and an open fanny pack with a loaded extended magazine on the floor besides the bed.

4

17. A records check revealed that RILEY has been convicted for various felony offenses in Florida state court, that is, various offenses for which the maximum term of imprisonment is greater than one year. Furthermore, a records check revealed that he has been convicted several times in Florida state court for the felony offense of Possession of a Firearm or Ammunition by a Convicted Felon, a violation of Florida Statute 790.23.

## CONCLUSION

13. Based upon the foregoing, I submit there is probable cause to believe that, on or about January 14, 2020 and on or about January 21, 2020, RILEY possessed and conspired to possess methamphetamine, with the intent to distribute, in violation of Title 21 United States Code, Sections 841(a)(1) and 846. Furthermore, I submit there is probable cause to believe that, on or about January 14, 2020, RILEY possessed a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United State Code, Section 924(c)(1)(A) and was a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
CARLOS A. GIBERT, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to and subscribed before me this
___ day of February, 2020.

_____
HONORABLE EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE